UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-23936-KMM-SIMONTON

JOSEPH TAYLOR,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Metropolitan Life Insurance Company ("MetLife"), files its Answer and Affirmative Defenses to plaintiff's complaint, and states as follows:

**JURISDICTION, VENUE AND PARTIES**

1.    Admits that this action arises under ERISA,[1] that plaintiff brings this action under 29 U.S.C. § 1132(a)(1)(b), and that this Court has jurisdiction, but except as so admitted denies the allegations in paragraph 1.

2.    Admits upon information and belief that plaintiff is a citizen of the United States of America, but except as so admitted denies the allegations in paragraph 2.

3.    Admits the allegations in paragraph 3.

4.    Admits the allegations in paragraph 4.

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

## FACTUAL ALLEGATIONS

5. Denies the allegations in paragraph 5.

6. Admits the allegations in paragraph 6.

7. Admits that (a) through his employment with 314e Corporation ("314e"), plaintiff was a participant under an employee welfare benefit plan (the "Plan") established by 314e, which Plan included long-term disability coverage insured by MetLife under group policy no. KM 05941 1046-G (the "Policy"), and (b) a copy of the certificate of insurance issued pursuant to the Policy is attached to the Complaint as Exhibit A, but except as so admitted denies the allegations in paragraph 7.

8. Admits the allegations in paragraph 8.

9. Admits the allegations in paragraph 9.

10. Admits that MetLife is the claims administrator for LTD benefits provided under the Plan and that it was responsible for paying covered LTD benefits under the Plan, but except as so admitted denies the allegations in paragraph 10.

11. Admits that the Plan speaks for itself, but except as so admitted denies the allegations in paragraph 11.

12. Admits that the Plan speaks for itself, but except as so admitted denies the allegations in paragraph 12.

13. Admits that MetLife approved plaintiff's claim for LTD benefits under the Plan through December 27, 2017, but except as so admitted denies the allegations in paragraph 13.

14. Admits that plaintiff timely submitted a claim for LTD benefits under the Plan to MetLife, but except as so admitted denies the allegations in paragraph 14.

15. Admits the allegations in paragraph 15.

16. Admits that MetLife's December 27, 2017 letter speaks for itself, but except as so admitted denies the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. Admits that MetLife's August 28, 2018 letter speaks for itself, but except as so admitted denies the allegations in paragraph 18.

19. Admits that plaintiff has exhausted his administrative remedies, but except as so admitted denies the allegations in paragraph 19 and states that plaintiff has failed to satisfy all conditions precedent for the payment of benefits under the Plan in that, *inter alia*, plaintiff did not meet the Plan definition of disability as of December 28, 2017.

20. Admits that the administrative record of plaintiff's claim speaks for itself, and refers plaintiff to the administrative record for the contents thereof, but except as so admitted denies the allegations in paragraph 20.

21. Admits that that the administrative record of plaintiff's claim speaks for itself, and refers plaintiff to the administrative record for the contents thereof, but except as so admitted denies the allegations in paragraph 21.

22. Admits the allegations in paragraph 22.

23. Admits that MetLife denied plaintiff's claim for LTD benefits under the Plan after December 27, 2017, but except as so admitted denies the allegations in paragraph 23.

24. Admits that MetLife denied plaintiff's claim for LTD benefits under the Plan after December 27, 2017, but except as so admitted denies the allegations in paragraph 24.

25. Admits the allegations in paragraph 25.

26. Admits the allegations in paragraph 26.

27. Admits that MetLife was the claims administrator for LTD benefits provided under the Plan, but denies that MetLife is the Plan Administrator or a fiduciary with respect to the Plan in any capacity other than as the claims administrator.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST JUDGMENT INTEREST AND ATTORNEY'S FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

30. Incorporates in paragraph 30 its responses to paragraphs 1 through 29 of the complaint.

31. Admits that this is an action brought under 29 U.S.C. § 1132(a)(1)(b), but except as so admitted denies the allegations in paragraph 31.

32. Admits that plaintiff was a participant under the Plan and that 29 U.S.C. § 1132(a)(1)(b) speaks for itself, but except as so admitted denies the allegations in paragraph 32.

33. Admits that plaintiff is entitled to bring an action under 29 U.S.C. § 1132(a)(1)(b), but except as so admitted denies the allegations in paragraph 33.

34. Admits the allegations in paragraph 34.

35. Denies the allegations in paragraph 35, including subparts (a) through (d).

36. Denies knowledge or information sufficient to form a belief as to plaintiff's beliefs, and denies the remaining allegations in paragraph 36.

37. Admits that plaintiff has exhausted his administrative remedies, but except as so admitted denies the allegations in paragraph 37 and states that plaintiff has failed to satisfy all conditions precedent for the payment of benefits under the Plan in that, *inter alia*, plaintiff did not meet the Plan definition of disability as of December 28, 2017.

38. Denies the alleged wrongful conduct, and denies the remaining allegations in paragraph 38.

39. Denies that MetLife's determination was improper, and denies the remaining allegations in paragraph 39.

40. Admits that plaintiff is entitled to bring an action under 29 U.S.C. § 1132(a)(1)(b), denies that MetLife's conduct was wrongful, and denies the remaining allegations in paragraph 40.

41. Denies each and every allegation not otherwise admitted, including those in the prayer.

## AFFIRMATIVE DEFENSES

### First Defense

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

### Second Defense

Plaintiff purports to state a cause of action relating to a claim for disability benefits under the Plan, which is an employee welfare benefit plan within the meaning of ERISA. To the extent, if any, that Plaintiff's Complaint can be construed as asserting any other claims, including claims under state law, Plaintiff's claims are preempted and otherwise barred by the applicable provisions of ERISA and binding precedent. *E.g.*, 29 U.S.C. §§ 1132 (a)(1)(B) and 1144. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive or other extra-contractual damages.

### Third Defense

Plaintiff's remedies for any alleged act or omission are limited solely to those offered by ERISA, as Plaintiff's claims are governed by ERISA.

### Fourth Defense

Defendant has discharged its duties with respect to the employee welfare benefit plan in the interest of the Plan participants and their beneficiaries, and in doing so, Defendant has acted in accordance with the documents and instruments governing the Plan.

### Fifth Defense

Plaintiff's claims are barred because the claims determination was not arbitrary, capricious, unreasonable, or made in bad faith.

### Sixth Defense

Defendant affirmatively alleges that any liability of Defendant is subject to the terms, conditions, limitations, endorsements, exclusions and effective dates of the documents and instruments governing the Plan.

### Seventh Defense

Defendant has acted in accordance with the terms of the Plan.  Plaintiff has failed to satisfy all conditions precedent to any claim for benefits in that he has failed to present sufficient medical evidence demonstrating disability as defined by the Plan.

### Eighth Defense

Should there be a determination that Plaintiff is entitled to continuing benefits as of the date Defendant determined he was not entitled to benefits, which is denied, such entitlement does not mean that Plaintiff has entitlement to unlimited future benefits after that date given, *inter alia*, the possibility of future recovery from any disabling conditions, the existence of which is denied, as well as the effect of different Plan requirements, exclusions and/or limitations.

### Ninth Defense

Should there be a determination that Plaintiff is entitled to disability benefits, which is denied, Defendant is entitled to offset from the collateral source benefits defined in the Plan as offsetting "Other Income" benefits, including all other disability benefits paid or payable.

### Tenth Defense

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

### Eleventh Defense

Plaintiff is not entitled to recovery because, among other things, he has failed to comply with his burden under the terms of the Plan to submit sufficient proof of alleged disability.

### Twelfth Defense

If the Court determines that the claim fiduciary materially erred in administering Plaintiff's claim for benefits under the terms of the Plan or applicable law, which is denied, the Court should remand the claim to the claim fiduciary for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiff's entitlement to benefits.

### RELIEF REQUESTED

MetLife asks that (i) the Court dismiss plaintiff's complaint with prejudice and judgment be entered in its favor; (ii) alternatively, to the extent the complaint asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award MetLife its attorneys' fees

and costs pursuant to 29 U.S.C. § 1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: October 26, 2018

> By: /s/ *Jeannine Jacobson*
> Jeannine C. Jacobson / FBN 58777
> Robinson & Cole LLP
> 777 Brickell Avenue, Suite 680
> Miami, FL 33131
> Telephone: 786-725-4120
> Facsimile:  786-725-4121
> E-mail: jjacobson@rc.com
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2018, a true and correct copy of the foregoing has been served by electronic filing through the CM/ECF system, which will send notice to the parties to this litigation as follows:

> *Attorneys for Plaintiff*
> Rachel Alters Esq.
> Attorneys Dell and Schaefer, Chartered
> 2404 Hollywood Boulevard
> Longwood, FL 33020
> Telephone:  954-620-8300
> Email:  rachel@diattorney.com

> */s/ Jeannine C. Jacobson*
> Jeannine C. Jacobson